William B. LAFLER, Appellant,

v.

BURLINGTON NORTHERN, INC., a corporation, Appellee.

No. 83–1708.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1983.

Decided Jan. 6, 1984.

Michael L. Weiner, Frances S.P. Li, De-Parcq, Perl, Hunegs, Rudquist & Koenig, P.A., Minneapolis, Minn., and John J. Higgins, Higgins, Okun & Bernstein, Omaha, Neb., for appellant.

Knudsen, Berkheimer, Richardson & Endacott, Lincoln, Neb., for appellee.

Before HEANEY and FAGG, Circuit Judges, and HANSON,* Senior District Judge.

## PER CURIAM.

William B. Lafler brought an action under the Federal Employers Liability Act, 45 U.S.C. §§ 51–60 (1976), for injuries he suffered while employed as a machinist for the Burlington Northern Railroad Company (Railroad). Lafler was inspecting a locomotive when he slipped on an oil spill and fell, injuring his neck, shoulder and lower back. A jury found the Railroad thirty percent negligent and Lafler seventy percent negligent. Out of a total damage award of $63,000, the jury awarded Lafler $18,900. Lafler appeals contending the trial court admitted highly prejudicial evidence of little probative value contrary to Fed.R.Evid. 403. We affirm.

The extent of Lafler's disability due to his injury and the effect his disability would have on his future earning capacity were both issues at trial. Lafler introduced the testimony of a psychologist, Dr. Norman H. Hamm. Based on his examination of Lafler, Hamm testified that Lafler was truth-fully reporting the extent of his pain and that Lafler had a learning disability which would interfere with his wage-earning capacity in jobs not requiring physical labor. In response, the Railroad introduced the testimony of its own expert witness, Dr. Frank J. Menolascino, a psychiatrist. Menolascino disputed Hamm's learning disability diagnosis. In Menolascino's opinion, Lafler suffers from a passive-aggressive personality syndrome which could cause him to exaggerate his complaints of pain. Menolascino also testified that treatment could improve Lafler's mental disorder.

As part of the foundation for his expert opinion, Menolascino referred to a psychiatric evaluation of Lafler, prepared when he was discharged from the Navy in 1973. Menolascino also referred to Lafler's prior treatment for depression, statements Lafler had made regarding his marital difficulties, and personnel records indicating Lafler had once been caught sleeping on the job. Lafler argues the admission of this testimony was an abuse of discretion because it is minimally relevant and prejudicial. While the admissibility of this evidence is not clear-cut, we find no abuse of discretion in the circumstances of this case. Lafler opened the door to an inquiry into his personal history by putting his psychological state in issue. His purpose in introducing Hamm's testimony was to increase his damage award. The district court did not abuse its discretion in allowing the Railroad to rebut this testimony with its own expert witness.

We have carefully reviewed the record and find the jury had an adequate basis for finding Lafler seventy percent negligent in this case. We also find Menolascino's expert opinion and the basis of that opinion were properly admitted. We therefore affirm the district court's judgment.

---

* The Honorable William C. Hanson, United States Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.